IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Brenda Turner, ) | | Case No. 6:23-cv-02138-JDA |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **OPINION AND ORDER** |
| ) | | |
| Walmart Stores Inc., ) | | |
| ) | | |
| Defendant. ) | | |

This matter is before the Court on a motion for summary judgment filed by Defendant. [Doc. 36.] Plaintiff filed a response and Defendant filed a reply. [Docs. 42; 44.] Accordingly, this motion is ripe for review.

### **BACKGROUND**[1]

In ruling on a motion for summary judgment, this Court reviews the facts and reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

This action arises out of a slip and fall incident that occurred on December 30, 2021, at the fuel station located on the premises of a Walmart Store in Simpsonville, South Carolina. [Doc. 37 ¶ 1.] As shown on the store's video surveillance footage,

---

[1] Pursuant to the undersigned's Rule 56 Summary Judgment Motion Procedures, the parties submitted a joint statement of stipulated material facts [Doc. 37]. The Court will cite to this document, as well as additional exhibits attached to and referenced in the parties' briefs, for the relevant facts included herein. The Court notes that the parties should have included their additional, non-stipulated facts in a movant's statement of material facts and opponent's statement of material facts per the undersigned's Rule 56 requirements. *See* Summary Judgment Motion Procedures.

Plaintiff slipped on a liquid substance on the floor of the gas station as she exited the station. [*Id*. ¶¶ 1–3, 5.] The liquid substance originated from a leaking beverage dispenser, and Defendant's employees, who had been aware of the leak, had placed two orange warning cones on the floor in the area near the incident before Plaintiff entered the store. [*Id*. ¶¶ 6–7.]

Plaintiff testified that as she entered the store, she noticed "some water on the floor" as soon as she opened the door and slipped, but did not fall, on the liquid. [Docs. 36-2 at 2 (75:13–16), 3 (77:7–9), 4 (82:12); 37 ¶¶ 3–4.] Plaintiff testified that as she got ready to leave, she "literally and figuratively thought 'I'm going to get out of here the same way I got in. I'm going to avoid' – I knew the water was there. 'I'm going to avoid it. I'm going to walk around it. I'm going to step over it.'" [Doc. 36-2 at 6 (86:4–10).] As she reached the door, she slipped on the liquid and was caught by a store employee who broke her fall. [Doc. 38 at 5:21:39 PM.]

Plaintiff filed this action in the Greenville County Court of Common Pleas on April 3, 2023, asserting various negligence claims and seeking actual and punitive damages. [Doc. 1-1]. Defendant removed the action on May 19, 2023. [Doc. 1.]

## APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477

2

U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id*. at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id*. at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id*.  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id*. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id*.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

3

> (B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Defendant moves for summary judgment on all claims asserted against it, arguing that Plaintiff has failed to establish that Defendant breached a duty of care owed to her because (1) Defendant did not have superior knowledge of the liquid on the floor and (2) Defendant exercised due care and provided sufficient warnings of the dangerous condition.  [Doc. 36 at 5–11.]  Based on the below analysis, the Court grants Defendant's motion.

To prevail on a negligence claim in South Carolina, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty; (3) the breach was an actual and proximate cause of the plaintiff's injury; and (4) the breach resulted in injury to the plaintiff.  *Madison v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 656 (S.C. 2006).  "Whether the law recognizes a particular duty is an issue of law to be determined by the court."  *Jackson v. Swordfish Inv., L.L.C.*, 620 S.E.2d 54, 56 (S.C. 2005).

Under South Carolina law, "[a] merchant is not an insurer of the safety of his customers but owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition."  *Garvin v. Bi-Lo, Inc.*, 541 S.E.2d 831, 832 (S.C. 2001); *see Moore v. Levitre*, 365 S.E.2d 730, 730 (S.C. 1988) ("One who operates a mercantile

4

establishment . . . must keep the aisles and passageways in a reasonably safe condition."). "To recover damages for injuries caused by a dangerous or defective condition on a defendant's premises, a plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Pringle v. SLR, Inc., of Summerton*, 675 S.E.2d 783, 787 (S.C. Ct. App. 2009) (internal quotation marks omitted). When the business owner or its agents "created the condition at issue, . . . the key question is whether [the customer] presented sufficient evidence to create an issue of fact as to whether this condition was indeed hazardous." *Shain v. Leiserv, Inc.*, 493 S.E.2d 111, 112 (S.C. Ct. App. 1997).

However, "[u]nder South Carolina law, the owner of property owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers. In such situations, the guests themselves have a duty to discover and avoid the danger." *Green v. United States*, 105 F. App'x 515, 516 (4th Cir. 2004). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000) (internal quotation marks omitted).

Defendant argues that Plaintiff had knowledge equal to Defendant's knowledge of the amount and location of the liquid on the floor and its potential to cause her to slip, and that because Defendant lacked superior knowledge, Plaintiff has failed to establish that Defendant breached a duty of care. [Doc. 36 at 8–9.] The Court agrees. Even viewing the evidence in the light most favorable to Plaintiff, the surveillance video plainly shows

5

that the liquid on the floor near the door of the gas station was an open and obvious obstacle—marked by two orange cones and on which Plaintiff slipped upon *entering* the store—that Plaintiff had a duty to discover and avoid. *See Welsh v. Speedway LLC*, No. 4:16-cv-00129-RBH, 2017 WL 2881007, at *2 (D.S.C. July 6, 2017) (noting that a danger is "open and obvious" when it is "reasonably discoverable to the patron"). Moreover, Plaintiff testified that she saw the liquid on the floor as soon as she entered and intended to avoid it when she exited the gas station. [Doc. 36-2 at 2 (75:13–16), 3 (77:7–9), 4 (82:12), 6 (86:4–10).]

The Court therefore concludes that the evidence establishes that the liquid on the floor was open and obvious such that Defendant did not owe a duty to Plaintiff to exercise reasonable care to take precautions or warn against the danger, and summary judgment is therefore proper.[2] *See, e.g.*, *Larimore,* 531 S.E.2d at 540 (holding that the defendant "owed no duty to warn [the plaintiff] of the open and obvious defect"); *Forbes v. Wal-Mart Stores, Inc.*, No. 2:22-cv-02398-BHH-MHC, 2023 WL 4409922, at *4–5 (D.S.C. June 14, 2023) (granting summary judgment to the defendant in a slip-and-fall negligence action because "the surveillance video plainly show[ed] that the cardboard box near the check-out station was an open and obvious obstacle [that the plaintiff] had a duty to discover and avoid"), *Report and Recommendation adopted by* 2023 WL 4409052 (D.S.C. July 7,

---

[2] Plaintiff does not address the open and obvious doctrine in her response to Defendant's motion. [*See generally* Doc. 42.] Instead, Plaintiff primarily argues that Defendant breached a duty of care owed to Plaintiff by violating its own policies and procedures. [*Id.* at 8–16.] Even though the evidence referenced by Plaintiff may be relevant to whether Defendant breached its duty, *see Roddey v. Wal-Mart Stores E., LP*, 784 S.E.2d 670, 675 (S.C. 2016) ("Evidence of a company's deviation from its own internal policies is relevant to show the company deviated from the standard of care, and is properly admitted to show the element of breach."), because the Court determines that Defendant did not owe a duty to Plaintiff, it need not address this argument.

6

2023); *Nash v. Marriott Hotel Servs., Inc.*, No. 7:07-503-HMH, 2007 WL 3125315, at *3 (D.S.C. Oct. 23, 2007) (granting summary judgment to the defendant in a slip-and-fall negligence action because the plaintiff's "failure to remember that the substance was on the floor and inattentiveness upon exiting the restroom d[id] not create a genuine issue of material fact" in the case); *Stoklas v. QuickTrip Corp.*, No. 0:22-cv-901-JFA, 2023 WL 2540562, at *3 (D.S.C. Mar. 16, 2023) (granting summary judgment to the defendant in a slip-and-fall negligence action and rejecting the plaintiff's argument that the presence of a warning sign created an exception to the "open and obvious" doctrine because the business should have anticipated the harm).

## CONCLUSION

For these reasons, Defendant's motion for summary judgment [Doc. 36] is GRANTED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 1, 2025
Greenville, South Carolina